T.C. Memo. 2000-215

UNITED STATES TAX COURT

REED-MERRILL, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10494-98.                          Filed July 17, 2000.

<u>Kandace C. Gerdes</u>, for petitioner.

<u>Joel A. Lopata</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated March 9, 1998, respondent determined deficiencies of $23,938 and $92,548, and penalties, pursuant to section 6662(a), of $4,787.60 and $18,509.60, relating to petitioner's 1993 and 1994 Federal income taxes, respectively.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the only remaining issue is whether petitioner is liable for accuracy-related penalties relating to 1993 and 1994.

## FINDINGS OF FACT

Petitioner, Reed-Merrill, Inc., was a Nebraska corporation at the time the petition was filed. Petitioner, through a subsidiary corporation, operated a Ford dealership in Ogallala, Nebraska. In 1993 and 1994, petitioner employed individuals and utilized computer systems to keep records. Petitioner provided some (i.e., Ford Motor Company Dealer Financial Statements), but not all, of its records to an accountant hired to prepare consolidated corporate income tax returns for the years in issue. Respondent determined that the petitioner understated its income and is liable for accuracy-related penalties relating to 1993 and 1994.

## OPINION

Section 6662(a) imposes a penalty on an underpayment of tax required to be shown on a return if such underpayment is attributable to negligence. Section 6664(c)(1) provides that no penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and that the taxpayer acted in good faith. The determination of whether a taxpayer acted with

reasonable cause and in good faith depends upon the facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of an accountant may demonstrate reasonable cause and good faith. See sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner contends that it complied with all record-keeping obligations, provided Ford Motor Company Dealer Financial Statements to the accountant, had other records available for review, and relied in good faith on the advice of the accountant. Petitioner, however, did not provide its accountant with sufficient information from which an accurate return could be prepared. Under such circumstances, reliance on an accountant's advice is not in good faith and does not establish that the taxpayer acted with reasonable cause. See Estate of Monroe v. Commissioner, 104 T.C. 352, 366-367 (1995). Accordingly, petitioner is liable for accuracy-related penalties relating to 1993 and 1994.

To reflect the foregoing,

Decision will be entered under Rule 155.